UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEJUMOKE AKIN-TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN INC.,<br><br>    Defendant. | Case No. 13-00039 JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING CLAIMS WITH LEAVE TO AMEND**<br><br>Re: Docket No. 9 |

## I. INTRODUCTION

Plaintiff, who is proceeding in pro se, brings employment discrimination claims under Title VII, 42 U.S.C. § 2000e, alleging that she was subjected to a hostile work environment, termination of employment, and retaliation based on race, gender and national origin. Defendant Kaiser Foundation Health Plan, Inc. ("KFHP") brings a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) ("the Motion"). In the Motion, Defendant contends Plaintiff is also seeking to assert a Title VII claim for "family responsibility discrimination" and a claim for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612; according to KFHP, both claims should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A hearing on the Motion was held on August 16, 2013 at 9:30 a.m. For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

On January 13, 2013, Plaintiff filed a form "Employment Discrimination Complaint" naming Mark Srebnik and KFHP as defendants. In the complaint, she alleged she was terminated, denied promotions and subject to a hostile work environment based on race, gender and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Complaint at 1-2. She

attached a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated October 5, 2012.

On February 13, 2013, Plaintif filed a First Amended Complaint (FAC") using a different form that is not specifically directed at employment discrimination claims. The form does not ask the plaintiff to identify the specific "act complained of" (e.g., "Failure to employ me," "Termination of my employment") or basis of the alleged discrimination (e.g., "My race and color," "My religion," "My sex"). Instead, it asks the plaintiff to identify the basis for federal jurisdiction and to provide a "Statement of Facts and Claims." In the FAC, Plaintiff states that her claim is based on federal question jurisdiction and identifies the federal law involved as "Title VII of the Civil Rights Act of 1964 for Employment Discrimination." FAC at 2. Plaintiff does not cite the FMLA as a basis for federal jurisdiction. Plaintiff names only KFHP as a defendant in her FAC. FAC at 2.

In the Statement of Facts and Claims, Plaintiff provides a lengthy narrative summarizing her allegations relating to Defendant's alleged discrimination. Plaintiff alleges, *inter alia*, that she was the only "black female immigrant from Nigeria, non U.S. citizen with an accent" on her team at work and that she was "subjected to embarrassing public ridicule because of her accent," held accountable for project failures of Caucasians on the team who did not have an accent, disciplined -- and ultimately terminated -- for fabricated work infractions and performance deficiencies, "subject[ed] to disparate treatment because of her family obligations and responsibilities" and the victim of "retaliatory actions for speaking up and opposing the unlawful discrimination and harassment in the workplace." FAC at 6.

Plaintiff alleges a number of specific incidents in which she was reprimanded or disciplined for taking time off, including: 1) "receiv[ing] verbal and written reprimand for taking a day off on March 26, 2009 to care for her 10 year old son who had slipped while taking a shower," FAC at 12; 2) receiving a "written reprimand for taking the day off on March 31, 2009 due to an illness, FAC at 13; 3) receiving a reprimand for attending a Mother's Day reunion on May 15th, 2009 despite giving her supervisor advance notice, *id.*; 4) receiving a reprimand and suffering "adverse employment actions for taking the day off on September 4, 2009 due to an illness that sent Ms.

Akin-Taylor to the emergency room, *id*;" 5) receiving a reprimand for "taking the day off on September 18, 2009 to attend the funeral of a cousin who had passed away suddenly," *id*.; 6) receiving a reprimand for taking a day off to celebrate her older son's 21st birthday on August 21, 2010, *id*.; and 7) receiving a reprimand and suffering adverse employment actions leading to termination "for bringing her 12 year old son to work with her on a Saturday, a non work day for Ms. Akin-Taylor . . . [e]ven though other [e]mployees at Kaiser brought their children with them during normal working hours." *Id*.

According to Plaintiff, Defendant's conduct was the result of "prejudice and bias because of her race, gender, national origin, citizenship status and family obligations and responsibilities." Plaintiff alleges that she was subjected to discrimination under both Title VII, FAC at 10-12, 14, and the FMLA. FAC at 12-14.

In the Motion, Defendant asserts Plaintiff's complaint includes two claims that fail to state a claim upon which relief can be granted: 1) a Title VII claim based on "family responsibility;" and 2) a claim under the FMLA. Motion at 3. With respect to the former, Defendant contends the claim is not cognizable because Title VII prohibits only discrimination based on "race, color, religion, sex or national origin." *Id*. at 5. Even if Title VII covered "family responsibility," Defendant contends, the claim would fail because Plaintiff did not raise this issue in her EEOC charge and therefore did not exhaust her administrative remedies. *Id*. In a footnote, Defendant acknowledges that Plaintiff's Title VII claim is also based on gender, national origin and race discrimination. Defendant does not challenge the claim to the extent it is based on those theories, either on the basis of failure to exhaust or timeliness. As to the FMLA claim, Defendant asserts the claim is time-barred and moreover, Plaintiff has not established that she took leave for a qualifying reason during the period when she was covered by the FMLA. In particular, Defendant asserts Plaintiff was not eligible for FMLA leave until January 5, 2010 and the only specific conduct alleged to have occurred after that date did not involve leave taken for qualifying reasons under the FMLA. *Id*. at 5-6.

In her Opposition brief, Plaintiff states that Defendant has misconstrued her complaint, explaining that she did not intend to assert "family obligation" discrimination but rather, relied on

Defendant's conduct with respect to her family obligations to show "discriminatory practices and actions against her on the basis of her race, gender and national origin." Opposition at 2. Plaintiff goes on to state that she was penalized for taking leave that "Defendant had granted and approved in an attempt to cover up discriminatory practices against Plaintiff on the basis of her race, gender, and national origin." *Id*. at 4. Plaintiff further states that she has exhausted her administrative remedies and that her complaint is timely because "[t]he [c]ase was tolled" while her EEOC charge was pending, though she does not specify whether these arguments are aimed at her Title VII claim or a claim under the FMLA. *Id*. at 3-4.

In its Reply brief, Defendant notes that Plaintiff has conceded that there is no claim for "family responsibility" discrimination under Title VII. Reply at 1-2. Defendant further asserts that the EEOC charge does not toll Plaintiff's FMLA claim and that Plaintiff does not dispute that the leave she took after she became eligible for FMLA leave was for activities that are not covered under the FMLA. *Id*. at 4.[1]

Finally, at oral argument, Plaintiff confirmed that her complaint asserts a claim under the FMLA as well as Title VII.

### III.  ANALYSIS

#### A.  Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

---

[1] On June 17, 2013, Plaintiff filed a document entitled "Plaintiff's Reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion and Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)." The Court does not consider this additional brief, which is not permitted under Civil Local Rule 7-3(d).

4

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**B.     Title VII Claim**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII does not create a stand-alone cause of action for discrimination based on family responsibility. Nor has the Court found any authority supporting the existence of such a claim. Therefore, to the extent Plaintiff's complaint might be construed to assert such a claim, Defendant's Motion is GRANTED and the claim is dismissed.

Further, although a plaintiff is ordinarily granted leave to amend on a Rule 12(b)(6) motion, amendment would be futile as to a Title VII claim for discrimination based on "family responsibility" because there is no legal basis for such a claim. In any event, Plaintiff has stated in

her Opposition brief that she did not, in fact, intend to assert such a claim. Rather, her allegations regarding Defendant's conduct as it related to her family responsibilities were offered to support her claims of discrimination based on gender, race and national origin, which Defendant has not challenged. Therefore, the Court does not grant leave to amend as to the Title VII claim based on "family responsibility."

Finally, the Court notes that in granting Defendant's Motion as to this claim, it *does not* hold that Plaintiff is barred from relying on evidence that Defendant reprimanded Plaintiff for taking leave to which she alleges she was entitled in support of her Title VII claim. Courts have recognized that denial of leave benefits -- whether under the FMLA or under the employer's own policies -- may constitute an adverse employment action that is sufficient to support liability under Title VII if the plaintiff can establish that the denial of leave was the result of discriminatory animus. *See, e.g., Thompkins v. Potter*, 451 F. Supp.2d 349, 358 (D.Conn. 2006)(recognizing that "the denial of [an individual's] benefits under FMLA is almost certainly adverse" and therefore can provide a basis for a Title VII claim if denial of those benefits is a result of discriminatory animus); *Erhard v. LaHood*, 2012 WL 1038803, at *11 (E.D.N.Y. Mar. 28, 2012) (denying summary judgment in favor of employer on Title VII gender discrimination claim where Plaintiff had been denied leave to care for a child when his wife could not to care for her even though female employees were permitted to take leave without pay under similar circumstances). To the extent Plaintiff alleges that she was treated less favorably than other similarly situated employees with respect to family leave (or bringing her child to work with her because she did not have day care available on a particular day) based on her race, gender or national origin, this is a viable theory that Plaintiff may continue to pursue despite the Court's dismissal of any stand-alone "family responsibility" claim that might be found in the FAC.

### C. FMLA Claim

Defendant contends Plaintiff's FMLA claim fails because: 1) her claim is untimely; and 2) she has not alleged that she took leave for any qualifying reasons during the period in which she was covered by the FMLA.

The general limitations period for an FMLA claim is two years of the "after the date of the last

1 event constituting the alleged violation." 29 U.S.C. § 2617(c)(1). Where a violation is willful, 2 however, the limitation period is three years. 29 U.S.C. § 2617(c)(2). "While neither the Supreme 3 Court nor the Ninth Circuit Court of Appeals has defined willfulness under the FMLA, other 4 circuits have looked to the Supreme Court's definition of' 'willful' in the context of the Fair Labor 5 Standards Act ('FLSA')." *Shulman v. Amazon.com, Inc.*, 2013 WL 2403256, at *2 (W.D.Wash., 6 May 30, 2013) (citing *Golez v. Potter*, 2012 WL 368218 at * 4 (S.D.Cal.2012) (collecting cases)). 7 Under the FLSA, an employer acts "willfully" when he or she "either knew or showed reckless 8 disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v.* 9 *Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In *McLaughlin*, the Court held that if "an 10 employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . 11 . . If any employer acts unreasonably, but not recklessly, in determining its legal obligation, then . 12 . . it should not be . . . considered [willful]." *Id*. at 135 n. 13.

13 Here, Plaintiff has alleged that she was reprimanded and ultimately terminated for taking 14 leave to which she was entitled under the FMLA and Defendant's leave policy. She further 15 alleges that she was subjected to this treatment on the basis of her race, national origin and gender 16 and not on any reasonable basis. The Court finds that Plaintiff's allegations are sufficient to allege 17 willful violation of the FMLA and therefore, at least at the pleading stage of the case, the three-18 year limitations period applies. The Court further finds that the "last event constituting Plaintiff's 19 alleged violation was her termination, on November 12, 2010.[2] Accordingly, Plaintiff's FMLA 20 claim is timely.

21 Defendant contends, however, that Plaintiff was not covered by the FMLA until Jannuary 5, 22 2010 -- one year after she was hired -- and that the two incidents alleged in the FAC that occurred 23 after that date do not fall within the purview of the FMLA. *See* 29 U.S.C. § 2611; *see also* FAC 24 at 5 (alleging that Plaintff started work on January 5, 2009). The Court agrees.

---

[2] Defendant incorrectly states in its Motion that the "last event" alleged in the Complaint occurred on August 21, 2010. However, Plaintiff's termination was not until November 12, 2010, and Plaintiff's FAC includes allegations relating to incidents in September 2010. *See* FAC at 10, 14. In addition, the intake notes attached to the EEOC charge (attached to the original complaint) refer to incidents in October 2010.

The FMLA allows covered employees to take family leave for the following reasons:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>
> (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612. Plaintiff alleges that: 1) she was reprimanded for bringing her son to work with her on a Saturday (a non-work day) when she did not have day care available on August 14, 2010; and 2) she was reprimanded for taking the day off on August 21, 2010 to celebrate her adult son's 21st birthday. FAC at 13. Neither of these incidents falls within the qualifying reasons for which an employee may seek leave under the for FMLA, listed above. Nor has Plaintiff alleged any other specific facts showing that she was denied leave under the FMLA during the period when she was covered by that statute. Therefore, the allegations in Plaintiff's FAC are not sufficient to state a claim for violation of the FMLA.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion and dismisses Plaintiff's claims for: 1) Title VII discrimination based on "family responsibility;" and 2) violation of the FMLA. As noted above, Defendants have not challenged Plaintiff's Title VII claim to the extent it is based on allegations that she was discriminated against because of her gender, race and national origin, which remains in the case. Further, because Plaintiff may be able to allege specific facts showing that she was denied FMLA leave between January 5, 2010 and her termination in November 2010,

Plaintiff is permitted to amend her complaint as to the FMLA claim. Plaintiff's amended complaint shall be filed within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 16, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California