UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEJUMOKE AKIN-TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN INC.,<br><br>    Defendant. | Case No. 13-cv-00039-JCS<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 37 |

## I. INTRODUCTION

Plaintiff, proceeding in pro se, has filed an employment discrimination action against her former employer, Defendant Kaiser Foundation Health Plan, Inc. ("KFHP"), asserting claims under Title VII, 42 U.S.C. § 2000e and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612. On August 16, 2013, the Court granted Defendant's motion to dismiss, dismissing all of Plaintiff's claims except her claims for discrimination based on gender, race and national origin under Title VII. No state law claims have been asserted in this case. Presently before the Court is Plaintiff's Motion –Preliminary Injunction To Stop Kaiser Foundation Health Plan From Disclosing Employment Termination Or Other Negative Remarks About Plaintiff ("Motion"). The Motion is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Motion is DENIED. [1]

## II. BACKGROUND

In the Motion, Plaintiff asks the Court to grant a preliminary injunction against KFHP to prohibit Defendant from "publishing, circulating or distributing information about adverse

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

1    employment actions it took against Plaintiff pending the outcome of the current employment
2    discrimination lawsuit Plaintiff filed against Defendant." Motion at 2. Plaintiff cites California
3    Code of Civil Procedure §§ 526(a)(2) & (6) in support of her request. She further states:

> Plaintiff has been unable to secure a position as a Project Manager even after various successful interviews over the past couple of years, causing Plaintiff significant financial and emotional loss. Plaintiff is of the belief that prospective Employers might be receiving negative information about Plaintiff's employment with Defendant. Plaintiff's inability to secure another position as a Project Manager will cost irreparable career damage, possibly the loss of lifelong career and significant financial loss to Plaintiff, and continued financial and emotional hardship to Plaintiff.

*Id.* Plaintiff has not filed any supporting declarations offering specific facts to show that Kaiser has communicated any negative information about Plaintiff to prospective employers.

In its Opposition, KFHP asserts injunctive relief is not warranted because Plaintiff has not demonstrated that she faces imminent and irreparable harm or that she has no adequate legal remedy, as is required to justify entry of a preliminary injunction. Opposition at 4. KFHP also offers declarations to show that: 1) Kaiser's policy is to provide prospective employers only with dates of employment and salary information unless an individual authorizes KFHP, in writing, to provide additional information; and 2) Plaintiff's former supervisor, Mark Srebnik, has not received any inquiries about Plaintiff from prospective employers and is aware that if he receives any such inquiry, he should not provide any information about Plaintiff but rather, should refer the inquiry to Kaiser Permanente Human Resources Services Center. *See* Docket Nos. 46 (Decl. of David Michael Peters, Director of Operations, Kaiser Permanente Human Resources Service Center), 47 (Decl. of Mark Srebnik). KFHP also argues that Cal. Code Civ. Proc. § 526(a)(6) is not applicable. Finally, KFHP requests an award of sanctions against Plaintiff on the basis that Plaintiff refused to withdraw her motion even after KFHP's counsel contacted her and informed her of the "deficiencies with her motion." Opposition at 5-6; *see also* Docket No. 45 (Broyles Decl.).

In her Reply brief (styled as an "Opposition to Defendant's Declaration and Opposition"), Plaintiff states that she has "legitimate reasons to remain concerned Defendant could publish

2

1  damaging information against her that will negatively impact her career and employment
2  opportunities due to the damaging and false allegations" because Defendant's conduct prior to
3  terminating her also went "against its own Human Resources Policy." Reply at 3. Plaintiff further
4  states that she believes Defendant's counsel, Deborah Broyles, is trying to intimidate her because
5  she is not represented by counsel. *Id*.

### III.  ANALYSIS

#### A.  Injunctive Relief

A party seeking a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).[2] Plaintiff has not shown that she is likely to suffer irreparable harm and therefore the Court need not reach the other requirements. She does not dispute that Defendant's official policy is to provide only dates of employment and salary information to prospective employers unless it has obtained written authorization allowing it to provide additional information; rather, she is concerned that Defendant will not follow its official policies in light of Defendant's conduct prior to her termination. Plaintiff's concern, by itself, is not sufficient to show that Defendant is likely to engage in the conduct Plaintiff seeks to enjoin, especially in light of the sworn declarations provided by Defendant that both set forth its policy and show that Plaintiff's former supervisor is aware of the policy and intends to adhere to it. Therefore, entry of a preliminary injunction is not warranted.

#### B.  Sanctions

Defendant requests an award of its fees incurred in opposing Plaintiff's motion. That request is not well taken.

As a preliminary matter, KFHP has not complied with Civil Local Rule 7-8(a), which

---

[2] Plaintiff seeks a preliminary injunction under Cal. Code Civ. Proc. §§ 526(a)(2) & (6). Although Defendant does not challenge Plaintiff's reliance on state law in support of her request for injunctive relief, the Court finds no basis for applying the state law standard in this case, given that jurisdiction is based on a federal question and there are no state law claims in this action. Even if Plaintiff's request were governed by state law, however, the Court would reach the same result.

3

requires that any request for sanctions must be separately filed. *See also* Fed. R. Civ. P. 11(c) (2) ("A motion for sanctions must be made separately from any other motion"). In addition, Defendant has not identified the source of authority upon which it bases its request. In particular, it cites Civil Local Rule 1-4, which provides that "[f]ailure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction," but does not cite any specific local or Federal Rule that it alleges has been violated. Defendant's reliance on *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975) is also misplaced. In the footnote cited by Defendant, the Supreme Court noted that while a criminal defendant has a right to conduct his or her own defense, that right is not "a license not to comply with relevant rules of procedural and substantive law" and "[t]hus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" The comment in *Faretta* has no bearing on whether the Court should award sanctions in this case.

    Finally, assuming Defendant's request is based on Rule 11 of the Federal Rules of Civil Procedure,[3] the Court would not award sanctions based on the showing made by Defendant even if its request had been properly made. The evidence indicates that while Plaintiff's Motion lacks

---

[3] Rule 11, provides, in relevant part, as follows:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. . .

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

merit, it was not brought for any improper purpose. Nor is it so obviously frivolous or lacking in factual support that sanctions are appropriate in light of Plaintiff's pro se status.

## IV. CONCLUSION

Plaintiff's request for a preliminary injunction is DENIED. Defendant's request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: October 22, 2013

JOSEPH C. SPERO
United States Magistrate Judge